## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL BERGMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-00131-PRW |
| | ) | |
| FELIPE E. ROJAS and | ) | |
| FL TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants have filed an Unopposed Motion to Extend Dispositive Motion Deadline (Dkt. 34), asking the Court for a 20-day extension of the October 1, 2020 deadline for dispositive motions that was previously established by the Court's July 1, 2020 Order (Dkt. 33). The reason for Defendant's requested extension of time involves a development that came up during Plaintiff's *second* deposition on September 30th, i.e., the day before the dispositive motion deadline.[1] At his second deposition, Plaintiff apparently altered his

---

[1] This case arises out of a motor vehicle accident that occurred on August 6, 2015, in McCurtain County, Oklahoma, involving a pickup truck driven by Plaintiff and a Frito Lay tractor-trailer driven by Defendant Felipe E. Rojas and owned by his employer, Defendant FL Transportation, Inc. Plaintiff, along with his wife and son who were passengers, initially filed suit in state court on June 29, 2017. *See* Pet. (Dkt. 2-1) at 1, *Bergman v. Rojas*, No. CJ-2017-0049 (Okla. Dist. Ct. filed June 29, 2017). Defendants removed that case to federal court on September 5, 2017, *see* Notice of Removal (Dkt. 2) at 1, *Bergman v. Rojas*, No. 6:17-cv-00331-RAW (E.D. Okla. filed Sept. 5, 2017), but the parties eventually dismissed that case on May 7, 2018, without prejudice to refiling, *see* Jt. Stip. For Dismissal Without Prejudice (Dkt. 35), Bergman, No. 6:17-cv-00331-RAW (E.D. Okla. filed May 7, 2018). On April 25, 2019, Plaintiff alone refiled this lawsuit in federal court. *See* Pl.'s Compl. (Dkt. 2) at 1. In their Joint Status Report (Dkt. 20), the parties indicated that this case was "refiled from an earlier action" and that "some discovery was conducted on the

prior testimony on the basis that it was "not fully accurate" due to questioning from Defendants' counsel and medications that impacted his ability to understand those questions."[2] As a result, the parties agreed to continue the remainder of Plaintiff's second deposition to a future date that Defendants' motion fails to specify.[3] Now Defendant requests the 20-day extension of the dispositive motion deadline "to allow sufficient time to obtain the transcript from the Plaintiff's deposition with time to review and consider filing any dispositive motions."[4] Defendants assert that the extension is short enough it will not impact the trial setting, which is on the Court's February 2021 docket.[5] Defendants also advise the Court that "Plaintiff's counsel . . . does not object to [the relief requested] if Defendants' counsel agrees that Plaintiff's deadlines of October 1, 2020 are extended to October 2, 2020."[6] By this, it seems Plaintiff's counsel wants a 1-day extension of his deadlines for filing a final list of expert witnesses, a final list of lay witnesses, and a final list of exhibits and for submitting expert reports to Defendants.[7]

Since the filing of Defendant's motion, Plaintiff has filed Initial Rule 26 Disclosures (Dkt. 35) that contain a list of "[l]ikely [w]itnesses"—including one consulting expert—

---

facts . . . in the previous case." *See* Jt. Status Report (Dkt. 20) ¶ 3, at 1–2. Now Defendants inform the Court that discovery in the prior case included a deposition of Plaintiff in April of 2018. *See* Def.'s Unopposed Mot. to Extend Dispositive Mot. Deadline (Dkt. 34) ¶ 4, at 2.

[2] Def.'s Unopposed Mot. to Extend Dispositive Mot. Deadline (Dkt. 34) ¶ 4, at 2.

[3] *Id.* ¶ 5, at 2.

[4] *Id.* ¶ 6, at 2.

[5] *Id.* ¶ 7, at 3.

[6] *Id.* ¶ 8, at 3.

[7] *See* Order (Dkt. 33) at 2–3 (establishing October 1st as the deadline for those tasks).

and "[p]otential [e]xhibits," as well as a computation of damages.[8] Whether Plaintiff intended to file his Rule 26(a)(1)(A) initial disclosures, rather than his Rule 26(a)(2)(A) expert disclosures and Rule 26(a)(3)(A) pretrial disclosures is not entirely clear.

The parties' requests for extensions of time have been filed before any of the original deadlines expired. Thus, the parties need to demonstrate only "good cause."[9] Tenth Circuit precedent provides "that district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party."[10] The Court finds that the parties have demonstrated good cause for extending their deadlines.

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Motion to Extend Dispositive Motion Deadline (Dkt. 34) is **GRANTED**. Accordingly, the parties shall file all dispositive motions by no later than Wednesday, October 21, 2020.

**IT IS FURTHER ORDERED** that Plaintiff's Initial Rule 26 Disclosures (Dkt. 35) are **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an extension of time is **GRANTED**. Accordingly, Plaintiff must file a final list of expert witnesses, a final list of

---

[8] Pl.'s Initial Rule 26 Disclosures (Dkt. 35) at 1, 3–4.

[9] Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.").

[10] *Rachel v. Trout*, 820 F.3d 390, 394 (10th Cir. 2016) (citing Fed. R. Civ. P. 1; *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010); *Hanson v. City of Oklahoma City*, 37 F.3d 1509, 1994 WL 551336, at *2 (10th Cir. 1994) (unpublished table decision); 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1165, at 605–08 (2015)).

lay witnesses, and a final list of exhibits and must submit expert reports to Defendants by no later than Wednesday, October 7, 2020. All final lists of expert witnesses, lay witnesses, and exhibits must "state those expected to be called or used and those which may be called or used only if the need arises."[11]

**IT IS SO ORDERED this 6th day of October, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[11] *See* Scheduling Order (Dkt. 23) at 1; Order (Dkt. 28) at 2; Order (Dkt. 33) at 2.